**Alla TAWIL, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 06–70652.**

United States Court of Appeals, Ninth Circuit.

Submitted June 29, 2010.[*]

Filed July 19, 2010.

Dan E. Korenberg, Esquire, Korenberg Abramowitz & Feldun, A Law Corporation, Sherman Oaks, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, David E. Dauenheimer, Esquire, Oil, Richard M. Evans, Esquire, Assistant Director, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: ALARCÓN, LEAVY, and GRABER, Circuit Judges.

MEMORANDUM [**]

Alla Tawil, a native and citizen of Syria, petitions for review of a Board of Immi-

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

gration Appeals ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Santos–Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir.2008), and review de novo due process claims, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir. 2001). We deny the petition for review.

Substantial evidence supports the BIA's determination that the harm Tawil suffered did not constitute persecution. *See Padash v. INS*, 358 F.3d 1161, 1165–66 (9th Cir.2004); *see also Prasad v. INS*, 47 F.3d 336, 339–40 (9th Cir.1995) (minor abuse of Indo–Fijian during 4–6 hour detention did not compel finding of past persecution). Substantial evidence also supports the BIA's determination that Tawil failed to establish past persecution or a well-founded fear of future persecution because he did not demonstrate the Syrian government was unable or unwilling to control the individuals who harmed him. *See Castro–Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir.2005). Accordingly, his asylum claim fails.

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.